COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 11 CR 143 |
| v. | Honorable William J. Hibbler |
| ISHMON WALKER et al. | |

## **PROTECTIVE ORDER**

Upon the motion of the government, and pursuant to Fed. R. Crim. P. 16(d)(1), it is hereby ordered as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to: applications, affidavits, grand jury transcripts, agency reports, witness statements, memoranda of interview, the complaint in this matter, and any documents and tangible objects produced by the government, shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendant, all such materials and all copies made thereof shall be destroyed. All materials or copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this case, including any post-conviction motions, after which they shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. All materials provided by the United States may be utilized by the defendant, defendant's counsel of record ("defendant's counsel of record" or "defendant's counsel"), and agents or employees of defendant's counsel solely in connection with the trial and appeal of this case, if any, and any post-conviction proceedings, if any, and for no other purpose. The materials shall not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense, agents working on behalf of defendant's counsel, potential witnesses to whom documents relevant to their testimony may be shown in connection with the defense of this case ("potential witnesses"), counsel for potential witnesses, or such other persons to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendant may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant, defendant's counsel, persons employed to assist the defense, agents working on behalf of defendant's counsel, potential witnesses, counsel for potential witnesses, or such other person to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order. Notes made by defendant's counsel or persons employed to assist the defenses are not to be deemed property of the United States for the purposes of this Protective Order.

3. When materials produced by the United States are disclosed to a potential witness, or counsel for a potential witness pursuant to the terms of this Order, neither the potential witness nor the counsel for the potential witness shall disclose these materials either

directly or indirectly to any person other than the defendant, defendant's counsel of record, persons employed to assist in the defense, agents working on behalf of defendant's counsel, or such other persons to whom the Court may explicitly authorize disclosure. Any notes or records of any kind that a potential witness or counsel for a potential witness may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendant, defendant's counsel of record, persons employed to assist the defense, agents working on behalf of defendant's counsel, or such other person to whom the Court may explicitly authorize disclosure.

4. Defendant's counsel of record shall inform all employees or agents working on behalf of defendant's counsel to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

5. Defendant's counsel of record shall inform all potential witnesses and counsel for potential witnesses to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall advise each of these individuals that they are obligated to comply with the terms of this Order.

6. The materials produced by the United States shall not be copied or reproduced except so as to provide copies of the material for the use by defense counsel of record and

defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

7. The restrictions set forth in this Order do not apply to the United States, and nothing in this Order limits the government's use and/or dissemination of these materials.

8. The restrictions set forth in this order do not apply to documents that are in the public record or public domain. In addition, this Order does not apply to any materials that defendant obtains from any sources other than the defendant.

9. A violation of this Order may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

ENTER:

William J. Hibbler
United States District Judge

Dated: 3/15/11